DOA: 7/28/22

cus 7/29/22

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> Abraham PEREZ-Mejia, <br><br> Defendant. | Case No. 22MJ8536 <br><br> COMPLAINT FOR VIOLATION OF <br><br> Title 8, U.S.C., Section 1324(a)(1)(A)(ii) Transportation of Illegal Aliens (Felony) |

The undersigned complainant being duly sworn states:

On or about July 28, 2022, within the Southern District of California, defendant Abraham PEREZ-Mejia, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens,

      Isabel Cristina MORALES-Lopez

      Alfonso LORENZO-Aguilar

      Omar MOLINA-Lorenzo, and

      Dariana Ines CRUZ-Hernandez

had come to, entered or remained in the United States in violation of law, did transport or move, or attempt to transport or move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324.

And the complainant states this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

                                                              _____
                                                              MONCERAD SOTO
                                                              BORDER PATROL AGENT

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 29th day of July 2022.

                                                              _____
                                                              HON. BERNARD G. SKOMAL
                                                              U.S. MAGISTRATE JUDGE

UNITED STATES OF AMERICA
v.
Abraham PEREZ-Mejia

## STATEMENT OF FACTS

This complaint is based upon statements in the investigative report by Border Patrol Agent (BPA) S. Garbooshian, that on July 28, 2022, Abraham PEREZ-Mejia, a Mexican National, was arrested near Calexico, California, while smuggling seven undocumented aliens in violation of Title 8, United States Code, Section 1324.

On July 28, 2022, Border Patrol Agent (BPA) S. Garbooshian was assigned to line watch duties in the Calexico Station area of responsibility (AOR). At approximately 12:20 p.m., El Centro Communication advised Border Patrol Agents that they received a citizen's report of a group of subjects in camouflage, south of Interstate 8 (I-8), on the west side of the Imperial Sand Dunes. BPA S. Garbooshian responded to the area at 12:25 p.m. A Mobile Surveillance Capabilities (MSC) relayed to agents in the field over service radio that two individuals were getting into a vehicle. The subjects got into a silver Nissan Murano. The Murano left the area and drove west bound on I-8. BPA S. Garbooshian responded as well as BPA M. Adkins.

BPA Adkins radioed to El Centro Communication the vehicle's license plate and requested checks on the vehicle. El Centro Communication returned via the service radio that the vehicle did not have a registered owner and that the vehicle only had a release of liability on file. Release of liability is typically the registration status of a vehicle used by alien smuggling organizations in the Calexico Station's area of responsibility. BPA Adkins

3

initiated a vehicle stop approximately one mile to the east of Highway 98 on I-8 west bound. BPA S. Garbooshian in a fully marked Border Patrol vehicle took over the vehicle stop. BPA S. Garbooshian activated his emergency lights and sirens to stop the Murano.

The Murano yielded approximately two miles west of Highway 98. The driver of the Murano maintained a speed of approximately 60 miles per hour until it yielded, two miles west of Highway 98.

BPA S. Garbooshian exited his vehicle and approached the Murano on the driver's side. As BPA S. Garbooshian approached, the driver's door opened. BPA S. Garbooshian instructed the driver to show his hands and he stuck them out of the door. BPA S. Garbooshian grabbed the driver and escorted him to the rear of the vehicle and placed him in handcuffs. BPA S. Garbooshian identified himself as a Border Patrol Agent and sat the diver on the side of the road and proceeded to investigate the rest of the occupants in the vehicle. Border Patrol Agent M. Aguilar arrived on scene and removed the other subjects from the vehicle. In total, there was seven smuggled subjects and one principal driver. BPA M. Aguilar questioned the subjects as to their nationality and immigration status. All subjects, to include the driver, admitted to being in the United States Illegally. The subjects were identified as

      Isabel Cristina MORALES-Lopez

      Alfonso LORENZO-Aguilar

      Omar MOLINA-Lorenzo

      Dariana Ines CRUZ-Hernandez

Irma ALTAMIRANO-Chula

Juan Carlos ARIAS-Montes, and

Crisford RAFAELA-Ciriaco.

The subjects all admitted that they were Mexican Citizens, without documents to be in the United States legally, and that they had entered the United States illegally. PEREZ was advised of his Miranda Rights, acknowledged his rights, and agreed to speak with agents without the presence of an attorney.

PEREZ was asked about his involvement in alien smuggling. PEREZ said he was doing this because he was told by a person in Mexico that these people would find him work. PEREZ said he did not know where he was going and that he was only going to pick up some people. PEREZ was not given the location in advance and received the location by a text message. PEREZ said he used "GPS," a Google Maps type system, to find the people he was to pick up. PEREZ said when he arrived at the location the group of people climbed quickly into his vehicle. PEREZ then said he drove off, not yet knowing where he was to take them. PEREZ was waiting for another text message when he was stopped by the Border Patrol.

PEREZ said he did not meet any of the people he picked up before and did not know any of them. PEREZ said he did not know the people he picked up were in the United States illegally. PEREZ said he thought he was going to a house to pick up some people and he said it because he wanted to work. PEREZ said there was no discussion of money with the people who told him to pick up the group.

Material witness Isabel Cristina MORALES-Lopez (MORALES) was provided with a six-pack photographic line-up depicting six males and was asked if he recognized anyone in the line-up. MORALES did not identify depicted in the photographic line-up. MORALES stated he made smuggling arrangements to get smuggled into the United States but was not sure how much money she was going pay.

Material witness Omar MOLINA-Lorenzo (MOLINA) was provided with a six-pack photographic line-up depicting six males and was asked if he recognized anyone in the line-up. MOLINA did not identify PEREZ depicted in the photographic line-up. MOLINA stated he made smuggling arrangements to get smuggled into the United States for $13,000 or $15,000 US Dollars.

Material witness Dariana Ines CRUZ-Hernandez (CRUZ) was provided with a six-pack photographic line-up depicting six males and was asked if she recognized anyone in the line-up. CRUZ did not identify PEREZ depicted in the photographic line-up. CRUZ stated she made smuggling arrangements to get smuggled into the United States for $15,000 US Dollars.

Material witness Alfonso LORENZO-Aguilar (LORENZO) was provided with a six-pack photographic line-up depicting six males and was asked if he recognized anyone in the line-up. LORENZO did not identify PEREZ depicted in the photographic line-up. LORENZO stated he made smuggling arrangements to get smuggled into the United States for $10,000 US Dollars.

The complainant states the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
| --- | --- |
| Isabel Cristina MORALES-Lopez | Mexico |
| Alfonso LORENZO-Aguilar | Mexico |
| Omar MOLINA-Lorenzo | Mexico |
| Dariana Ines CRUZ-Hernandez | Mexico |

Further, complainant states that the Material Witnesses are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

7